UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Terrence Bruce,

                              Plaintiff,

              -v-

The City of New York; New York City Police
Department ("NYPD") Police Officer ("P.O.")
Shawn Nigro, Shield No. 20998, NYPD Sergeant
("Sgt.") Diana Pichardo, Shield No. 2816, NYPD
P.O. Jovanny Calderon, Shield No. 0367, NYPD
Lieutenant ("Lt.") Elizabeth "Beth" Paulson, Shield No. 02437,
and NYPD P.O. John and Jane Does 1-12, in their
individual capacities,

                              Defendants.
------------------------------------------------------------------x

**COMPLAINT
AND DEMAND
FOR A JURY TRIAL**

Index No. 16-CV-5671

          Plaintiff, Terrance Bruce, by his attorney David B. Rankin for his complaint, does hereby

state and allege:

### PRELIMINARY STATEMENT

1.       This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth,

Sixth and Fourteenth Amendments of the Constitution of the United States, through the Civil

Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under

the laws of New York State.

2.       Plaintiff Terrance Bruce ("Mr. Bruce") rights were violated when officers of the New

York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff

despite the absence of probable cause.   By reason of defendants' actions, including the

unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional

rights.

3.       Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6.      An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## JURY DEMAND

7.      Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

## PARTIES

8.      Plaintiff Mr. Terrance Bruce is, and was at all times relevant to this action, a resident of the County of Kings in the State of New York.

9.      Defendant the City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

10.     NYPD Police Officer Shawn Nigro, Shield No. 20998 ("P.O. Nigro"), NYPD Sergeant Diana Pichardo, Shield No. 2816 ("Sgt. Pichardo"), NYPD PO Jovanny Calderon, Shield No. 0367 ("P.O. Calderon"), NYPD Lieutenant Elizabeth "Beth" Paulson, Shield No. 02437 ("Lt. Paulson"), and NYPD Police Officers John and Jane Does 1-12 ("P.O. Does") (referred to

collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

11.     The individual defendants are being sued herein in their individual capacities.

12.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD.

13.     The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

14.     At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

15.     The true name and shield number of defendant P.O. John and Jane Does 1-12 is not currently known to the plaintiff.[1]   However, they were employees or agents of the NYPD on the date of the incident.  Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon his request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as a defendants in an amended pleading once the true name

---

[1]     By identifying said defendants as "John Doe" or "Jane Doe," plaintiff is making no representations as to the gender of said defendants.

and shield number of said defendants becomes known and (b) that the Law Department should immediately begin preparing his defense in this action.

## STATEMENT OF FACTS

16.     On April 6, 2014, Plaintiff was an invited guest at 2249 Stillwell Avenue, apartment 4B in Kings County in the City and State of New York, (hereinafter "the apartment").

17.     Sometime after midnight on April 6, 2014 the individual defendants arrived at the apartment and forced entry into the apartment.

18.     Individual defendants handcuffed Mr. Bruce inside the living room at the apartment.

19.     Mr. Bruce was forced to lie face down on the floor in the living room of the apartment.

20.     Upon information and belief individual defendants proceeded to search the apartment including bedrooms and a bathroom located in the back of the apartment.

21.     Individual defendants allege they found controlled substances, a firearm, and ammunition in a bedroom of the apartment.

22.     Mr. Bruce was falsely arrested by the individual defendants.

23.     Defendant Sgt. Pichardo falsely swore Mr. Bruce possessed the controlled substances and firearm.

24.     Mr. Bruce was charged with PL 220.16(1) Criminal Possession of a Controlled Substance in the Third Degree, PL 140.25 (2) Burglary in the Second Degree, PL 265.03 (1)(B) Criminal Possession of a Weapon in the Second Degree, PL 265.03(3) Criminal Possession of a Weapon in the Second Degree, PL 265.03(3) Criminal Possession of a Weapon in the Second Degree, PL 140.20 Burglary in the third Degree, PL 265.01-B(1) Criminal Possession of a Firearm, PL 220.03 Criminal Possession of a Controlled Substance in the Seventh Degree, PL 265.01(1)

Criminal Possession of a Weapon in the Fourth Degree, AC 10-131(r)(3) Possession of Pistol Ammunition (4 counts).

25.     The charges were based upon the false statements of Sgt. Pichardo.

26.     On April 7, 2014 in Criminal Court of the State of New York county of Kings, Mr. Bruce was arraigned and released on his own recognizance after over twenty four hours in detention.

27.     All charges against Mr. Bruce stemming from the April 6, 2014 incident were later dismissed on the motion of the prosecutor.

28.     As a result of his false arrest on April 6, 2014 Mr. Bruce's parole was violated and he served many months in state custody.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983**
**(Against the individual defendants)**

29.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30.     By their conduct and actions in falsely arresting plaintiff, fabricating evidence, abusing criminal process, maliciously prosecuting, and by failing to intercede to prevent the complained of conduct, individual defendants acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments.

31.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE City OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
### (Against the City of New York)

32.      Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33.      At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34.      The City has a de-facto policy of entering private residences without the requisite legal authority.

See, http://www1.nyc.gov/assets/ccrb/downloads/pdf/policy_pdf/issue_based/20160219_entry-search-report.pdf

35.      At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

36.      The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth

37.      As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.      That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

b.      That he be awarded punitive damages against the individual defendants;

c.      That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.      For such other further and different relief as to the Court may seem just and proper.

Dated:      October 11, 2016
            New York, New York

                                    Respectfully submitted,

                        By:  _____
                             David B. Rankin
                             11 Park Place, Suite 914
                             New York, New York 10007
                             t: 212-226-4507
                             e: David@DRMTLaw.com